Gerald W. Griffin
CARTER, LEDYARD & MILBURN, LLP
Two Wall Street
New York, New York 10005
(212) 732-3200 (telephone)
(212) 732-3232 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FINANCIAL TECHNOLOGY PARTNERS LP
and FTP SECURITIES, LLC,

                                    Plaintiffs,

                                    08 CV 2510

  - against -                            Judge Preska

ALOGENT CORPORATION,

                                    Defendant.
------------------------------------------------------------------x

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Alogent Corporation n/k/a Goldleaf Enterprise Payments, Inc. ("Goldleaf"), hereby answers the Complaint filed by Financial Technology Partners LP and FTP Securities LLC (jointly "FT Partners") as follows:

1.    With regard to the first sentence of paragraph 1, Goldleaf admits that the Complaint asserts an action for breach of contract, but denies that the Complaint states a valid cause of action for breach of contract or that Goldleaf breached any contract with FTP. With regard to the second sentence, Goldleaf admits that it agreed to pay FT Partners a fee as provided in the Contract.

2.    Goldleaf admits the allegations in paragraph 2. Goldleaf further alleges, however, that Mr. Geisel's statements were in appreciation of the ultimate acquisition that was

6325057.1

consummated and made in an effort to be a good business partner, but such statements are not reflective of several performance issues with FT Partners during the bid and negotiation process.

3. Goldleaf denies the allegations in paragraph 3.

4. Goldleaf denies the allegations in paragraph 4. Goldleaf further responds that the Contract attached to the complaint is inconsistent with the allegations. Specifically, whereas the allegation refers to an aggregate consideration "achieved," which term is not in the Contract, the Contract actually applies to aggregate consideration "paid." This is a critical distinction that renders the Complaint as one that fails to state a claim.

5. Goldleaf admits only that it paid a Success Fee as required by the Contract, and that such paid Success Fee was the proper and full amount owed under the Contract. Goldleaf denies the remaining allegations of paragraph 5.

6. Goldleaf admits the allegations in paragraph 6.

7. Goldleaf admits the allegations in paragraph 7 but denies that Alogent is the proper named defendant in the action. Alogent is now known as Goldleaf Enterprise Payments, Inc.

8. Goldleaf admits the allegations in paragraph 8, but denies that FT Partners is owed any funds.

9. Goldleaf admits the allegations in paragraph 9.

10. Goldleaf admits the allegations of paragraph 10.

11. Goldleaf admits the allegations of paragraph 11.

12. Goldleaf admits the allegations of paragraph 12.

13. Goldleaf admits the allegations of paragraph 13.

14. Goldleaf admits the allegations of paragraph 14.

15. Goldleaf admits the allegations of paragraph 15 with the exception that the referenced email was delivered on January 31, 2008, not January 30, 2008.

16. Goldleaf admits the allegations of paragraph 16.

17. Goldleaf admits the allegations of paragraph 17, including admitting that paragraph 17 quotes part of the Contract. Goldleaf denies the allegations to the extent inconsistent with the Contract.

18. Goldleaf denies the first sentence of paragraph 18 because it refers to a bonus based on aggregate consideration "achieved." Inconsistent with the allegation, the Contract specifically provides a Success Fee is based on aggregate consideration "paid." Goldleaf denies the second sentence of paragraph 18 because it is not an allegation of fact, but a speculative comment on Brian Geisel's state of mind.

19. Goldleaf admits the allegations of paragraph 19, including admitting that paragraph 19 quotes part of the Contract. Goldleaf denies the allegations to the extent inconsistent with the Contract.

20. Goldleaf denies the first two sentences of paragraph 20 because the Contract provides that the Success Fee is based on amounts "paid." Goldleaf admits the third sentence of paragraph 20.

21. Goldleaf admits only that FT Partners spent time to produce bidders in an effort to ultimately achieve a favorable acquisition. Goldleaf denies FT Partners' characterization of the extent of FT Partners' efforts, including the creation of financial models or any implication that FT Partners participated in negotiations.

22. Goldleaf is without knowledge as to the allegation that FT Partners contacted more than 45 interested buyers and therefore denies the same. Goldleaf is also without

knowledge as to how FT Partners calculated the "aggregate consideration" in such alleged negotiations and therefore denies the same. Goldleaf admits the third sentence of paragraph 22.

23. Goldleaf admits the allegations of paragraph 23.

24. Goldleaf denies the allegations in paragraph 24 because they are not accurate. The first bid from Goldleaf Financial Solutions was on October 19, 2007, and a November 20, 2007 revised by introduced a price reduction for working capital.

25. Goldleaf denies the allegations in paragraph 25. The Contract expressly defined "aggregate consideration" as consideration "paid for such securities," which was $42.6 million.

26. Goldleaf admits only that it provided with the Excel spreadsheet related to the CSC proposal for a transaction that was not consummated, but denies any probative value or relevance of such spreadsheet. Goldleaf also denies that such spreadsheet was sent on November 29, 2007. Goldleaf further responds that it sent two spreadsheets related to the CSC proposal on November 30, 2007. The first spreadsheet was sent under a cover email that stated: "We still need to work out the specific formula that drives your fee in total. In this model, your 10% is calculated on the subtotal before working cap adjustment but it should be calculated on the consideration to be paid." The second spreadsheet sent later that day did contain the correct model in which FT Partners' fees were appropriately calculated based on the consideration "paid" as projected at that time.

27. Goldleaf denies the allegations of paragraph 27. First, the referenced spreadsheet sent on November 30, 2007, also related to the CSC acquisition. Second, the Success Fee is based on amounts "paid" regardless of how that amount is determined. Third, FT Partners' allegation that the Success Fee could not be earned until closing is inconsistent with the Contract,

-4-

6325057.1

which expressly states that FT Partners' fees are to be paid "simultaneous with, *or prior to*, the consummation" of the acquisition.

28. Goldleaf denies the allegations in paragraph 28, including specifically denying that the aggregate consideration as expressly defined in the Contract was $46.8 million, as that is not the amount "paid" for the securities.

29. Goldleaf admits that Mr. McLaughlin sent the referenced email, but denied the legal and factual accuracy and validity of the email. The remaining allegations of paragraph 29 are denied.

30. Goldleaf admits the allegations in paragraph 30.

31. Goldleaf denies the allegations of paragraph 31 except to the extent the allegations refer to an amount "paid" to security holders of $42.6 million.

32. Goldleaf denies the allegations in paragraph 32. Goldleaf further responds that the reference to "achieved aggregate consideration" is not a concept found anywhere in the Contract. Instead; the Contract applies to "aggregate consideration *paid*."

33. Goldleaf denies that allegations in paragraph 33. First, FT Partners again seeks to redefine the express language of the Contract by referring to "achieved" aggregate consideration instead of aggregate consideration "paid." Second, Goldleaf was not thrilled with FT Partners' performance although Goldleaf was satisfied with the ultimate acquisition.

34. Goldleaf denies the first sentence of paragraph 34 because FT Partners did not earn the portion of the Success Fee alleged in the Complaint. Goldleaf admits the second sentence of paragraph 34.

35. Goldleaf admits the allegations of paragraph 35.

36. Goldleaf denies the allegations of paragraph 36.

37. Goldleaf admits that the allegations in paragraph 37 quote parts of the Contract. Goldleaf denies that it is obligated to pay any further Success Fee or interest to FT Partners. Goldleaf further responds that the allegation that the Success Fee can be paid "prior to" consummation of the transaction conflicts with the allegations in paragraph 27 that the Success Fee could not be earned until after consummation of the transaction.

## COUNT I
(Breach of Contract)

38. Goldleaf realleges and incorporates its responses to the allegations contained in paragraphs 1 through 37 of the Complaint as if fully stated herein.

39. Goldleaf denies the allegations in paragraph 39 because the allegations misstate the terms of the Contract. Specifically, FT Partners omits reference to the critical word "paid" in reference to aggregate consideration, and fails to allege the full definition of "aggregate consideration."

40. Goldleaf admits the allegations in paragraph 40.

41. Goldleaf denies that allegations in paragraph 41.

42. Goldleaf denies that allegations in paragraph 42.

## PRAYER FOR RELIEF

Goldleaf denies that FT Partners is entitled to any relief.

## DEMAND FOR JURY TRIAL SHOULD BE STRICKEN

FT Partners demands a trial by jury. The Contract attached to the Complaint, however, contains a waiver of jury trial. Therefore, the demand should be stricken.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted. Indeed, the very Contract attached to the Complaint is inconsistent on its face with the allegations. Whereas the Complaint is based on an alleged aggregate consideration "achieved," which is a a term that does not appear anywhere in the Contract. The Contract attached to the Complaint expressly states that the Success Fee is to be calculated based on aggregate consideration "paid" for the securities that were sold in the transaction, which was undeniably $42.6 million.

2. FT Partners' claims are barred by accord and satisfaction. On the day of closing of the acquisition, Goldleaf paid FT Partners all of its fees, including the Success Fee, which was accepted by FT Partners.

WHEREFORE, Defendant Alogent Corporation n/k/a Goldleaf Enterprise Payments, Inc. respectfully requests that judgment be entered against Plaintiffs and that Defendant be awarded its costs and attorneys' fees, plus such further relief as this Court deem proper and just.

Dated: New York, New York
April 30, 2008

CARTER LEDYARD & MILBURN LLP

By: _____
Gerald W. Griffin
Two Wall Street
New York, New York 10005
(212) 732-3200 (telephone)
(212) 732-3232 (fax)

Lawrence H. Kunin
MORRIS, MANNING & MARTIN, L.L.P.
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 233-7000 (telephone)
(404) 495-3646 (fax)

*Attorneys for Defendant Alogent Corporation*