UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
FINANCIAL TECHNOLOGY PARTNERS LP
and FTP SECURITIES, LLC,

                            Plaintiffs,

                            08 CV 2510
- against -                          Judge Preska

ALOGENT CORPORATION,

                            Defendant.
----------------------------------------------------------------x

## DEFENDANT ALOGENT CORPORATION'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS FINANCIAL TECHNOLOGY PARTNERS LP AND FTP SECURITIES, LLC

Pursuant to Rule 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and Rules 26.2 and 26.3 of the Local Civil Rules for the United District Court for the Southern District of New York ("Local Civil Rules"), Defendant Alogent Corporation n/k/a Goldleaf Enterprise Payments, Inc. ("Alogent" or "Defendant"), by and through its attorneys, request that Plaintiffs, Financial Technology Partners LP ("Financial Technology Partners") and FTP Securities LLC ("FTP Securities") (collectively "Plaintiffs") produce copies of, or produce for inspection and reproduction, at the offices of Morris, Manning & Martin LLP (address below), all documents in its possession, custody or control as requested herein. Pursuant to Fed. R. Civ. P. 34(b), Plaintiffs' response is to be made within thirty (30) days of the service of this Request upon Plaintiffs. A written response to this request is required pursuant to the Federal Rules of Civil Procedure.

These requests for production of documents should be read, interpreted and responded to in accordance with the definitions and instructions set forth below.

## I.   INSTRUCTIONS

Each of the following requests is continuing to the full extent permitted by law. Accordingly, if after producing any documents, Plaintiffs, or anyone acting on its behalf, obtains or becomes aware of additional information or documents pertaining to any request for production, Plaintiffs are required, pursuant to Fed. R. Civ. P. 26(e), to provide such information or documents by way of supplemental answers. Such supplemental responses are to be served upon Alogent within thirty (30) days after Plaintiffs become aware of such information or documents, but no later than two (2) weeks prior to the date of any trial or hearing in this action.

In responding to Alogent's requests, furnish all information or documents which are available, including documents in the possession, custody or control of Plaintiffs' attorneys or investigators or anyone else acting for or on Plaintiffs' behalf, and not merely those documents held by Plaintiffs. If Plaintiffs are unaware of the existence of any documents responsive to a request, Plaintiffs should expressly so indicate.

In the event that any document called for by these requests has been destroyed, otherwise disposed of or transferred to another Person, that document is to be identified as completely as possible, including without limitation the following information: author(s); addressee(s); indicated or blind copy recipient(s); date; subject matter; date of destruction, disposal or transfer; reason for destruction, disposal or transfer; person(s) authorizing the destruction, disposal or transfer; and person(s) destroying, disposing of or transferring the document.

If you make any claim of privilege as to any documents designated to this Document Request, please: (1) identify the person(s) (by stating the full name and last known business and residential addresses) who authored, signed, issued, and/or authorized the document; (2) identify the person(s) (by stating the full name and last known business and residential address) to whom the

document was directed; (3) state the date of the document; (4) state the nature of the privilege claimed; and (5) describe the nature and the substance of the document(s).

In the event that any information is redacted from a document produced pursuant to these requests, that information is to be identified and the basis upon which such information is redacted must be offered.

In the event that any document called for by these requests existed at one time but no longer exists, (i) identify such document(s) in the same manner as indicated in instruction 4 above and (ii) identify its (their) last known location and the reason each is no longer in existence.

At the time and place that Plaintiffs produce the documents requested herein, Plaintiffs are requested to produce them in the same order as they are maintained in the ordinary course of business.

Unless otherwise stated, the time frame for each request is from January 1, 2007 to the present date.

## II. DEFINITIONS

The full text of the definitions and rules of construction set forth in paragraphs (c) and (d) of Rule 26.3 of the Local Civil Rules of the Southern and Eastern Districts are deemed incorporated by referenced into all discovery requests. Additionally, as used herein the following terms mean:

A. The term "relating to" means concerning, referring to, describing, evidencing or constituting.

B. Plaintiffs means Financial Technology Partners LP and FTP Securities LLC, including all their officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

C. Unless otherwise stated, the singular includes the plural number, and vice versa, the masculine includes the feminine and neuter genders, and the past tense includes the present tense when the clear meaning is not dictated by change of tense.

D.   As used herein, the term "document" shall, in addition to its common meaning, mean every writing or record of every type and description of which Plaintiffs have possession, custody or control, including, without limitation, correspondence, contracts, proposals, memoranda, tapes, stenographic or handwritten notes, charts, reports, surveys, statistical compilations, tax returns, financial statements, accounting or other work papers, invoices, receipts, checks, check stubs, accounts, deposit books, ledgers, time-keeping records, expense account records, bills, statements, telegrams, electronic mail, computer-generated materials, materials stored or recorded in computer equipment, any written, recorded or transcribed matter, or any other data compilations from which information can be obtained or translated, if necessary, by Plaintiffs through detection devices into reasonably usable form.

E.   As used herein, the term "Contract" shall refer to the February 23, 2007 contract between Plaintiffs and Defendant.

F.   As used herein, the term "Success Fee" shall refer to the language of the Contract which provides for a calculation of Plaintiffs' earnings based on its consummation of a sale of Alogent in accordance with the terms of the Contract.

## REQUESTS

1.   With regard to the contracts or agreements responsive to Defendant's first request for production Nos. 4 and 5, produce the actual acquisition and/or merger documents that were executed by Plaintiffs' clients, together with all schedules.

2.   With regard to the contracts or agreements responsive to Defendant's first request for production Nos. 4 and 5, all documents reflecting actual payment of the Success Fee earned under those contracts and agreements.

3.   All documents reflecting communications, negotiations, potential price, and potential structure of all prospective acquirers contacted by Plaintiffs on behalf of Alogent.

4

4.  All documents related to Plaintiffs' calculation of the Success Fee they believe is due from Defendant.

5.  All documents reflected services provided by Plaintiffs to Defendant, including, but not limited to, PowerPoint presentations, graphs, source documents, contact lists, and internal status reports.

6.  With regard to the contracts or agreements responsive to Defendant's first request for production Nos. 4 and 5, all documents reflecting whether or not FT Plaintiffs' commission or success fee was netted out of the amount from which the ultimate success fee was calculated.

MORRIS, MANNING & MARTIN, L.L.P.

_____
Lawrence H. Kunin
Admitted Pro Hac Vice
Attorneys for Defendant, Alogent Corporation n/k/a
Goldleaf Enterprise Payments, Inc.

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Phone:    (404) 233-7000
Facsimile: (404) 365-9532
Co-Counsel

Gerald W. Griffin, Esq.
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY  10005

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
FINANCIAL TECHNOLOGY PARTNERS LP
and FTP SECURITIES, LLC,

                              Plaintiffs,

    - against -

ALOGENT CORPORATION,

                              Defendant.
---------------------------------------------------------------x

08 CV 2510

Judge Preska

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing DEFENDANT ALOGENT CORPORATION'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS FINANCIAL TECHNOLOGY PARTNERS LP AND FTP SECURITIES, LLC upon all parties to this matter by electronic mail and Federal Express, properly addressed to the following:

                Laurie Foster
        Morgan, Lewis & Bockius LLP
             101 Park Avenue
          New York, NY 10178-0060
        lfoster@morganlewis.com

This 22nd day of August, 2008.

                                              MORRIS, MANNING & MARTIN, LLP

                                              /s/ Lawrence H. Kunin
                                              Lawrence H. Kunin
                                              Admitted Pro Hac Vice

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
(404) 365-9532 (fax);
(404) 233-7000 (Tel)